UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-61374-CIV  COOKE/BROWN

RENE ACHILLE,

    *Plaintiff*,

v.

RICHARD W. BALSAMO,

    *Defendant*.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

**THIS CAUSE** is before the Court upon the Plaintiff's Motion for Remand **[DE 2]**, filed October 19, 2006.  The Defendant's response was due November 3, 2006, but to date, has not been filed with the Court.  The matter is ripe for adjudication.

### I.  BACKGROUND

The Plaintiff, Rene Achille, on July 19, 2006, filed suit against the Defendant, Richard W. Balsamo, in the Circuit Court for the Seventeenth Judicial Circuit of Florida.  Plaintiff Achille alleged that Defendant Balsamo was an attorney practicing law in the state of Florida, and had hired the Plaintiff to perform investigative and other services for him in a case that the Defendant was prosecuting.  Plaintiff Achille further alleged that he did perform the contracted services but was never paid by the Defendant, precipitating the suit at hand—the Plaintiff brought only state law claims.  The Defendant removed the matter to this Court on September 12, 2006, alleging diversity of citizenship.  The Plaintiff then moved to remand the case back to state court, which issue is presently before the Court.

## II.  DISCUSSION

The purported basis for this Court's jurisdiction over the subject matter in this case is diversity of citizenship under 28 U.S.C. §§ 1332, 1441, and 1446.  "Diversity jurisdiction exists where the suit is **between citizens of different states** and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000."  *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (emphasis added); *see also Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998) (citing *Carden v. Arkoma Associates,* 494 U.S. 185, 187 (1990)).  "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002) (footnote and citations omitted) (quoting *Williams*, 269 F.3d at 1319-20.).  Courts should strictly construe the requirements of 28 U.S.C. §1441 (removal jurisdiction) and remand all cases in which such jurisdiction is doubtful.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  Moreover, removal statutes are construed narrowly, and when the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

In the instant action, the Defendant claims diversity by alleging that he is a Citizen of Wyoming while the Plaintiff is a citizen of Florida.  The Plaintiff retorts by asserting that the Defendant is not a citizen of Wyoming, but rather a citizen of Florida, thereby defeating diversity.  On the face, these are two bare-bone, contradictory claims that must be fleshed out. The Plaintiff provides this flesh in the form of an Affidavit [DE 3], filed November 22, 2006, the Plaintiff's counsel swearing that upon investigation and review of a National Comprehensive Report dated October 17, 2006—which examined possible drivers licenses, possible addresses,

phone listings, felonies, misdemeanors, possible real property ownership and deed transfers, possible property owners of subject's addresses, possible vehicles registered at subject's addresses, possible real-time vehicle registrations, possible Broward County Traffic Citations, possible watercraft and possible business affiliations regarding the subject RICHARD W. BALSAMO with SSN 122-46-XXXX and DOB 08/XX/1952—he found *inter alia* the following:

(a) A driver's license for Richard W. Balsamo at 218 Commercial Blvd. #208, Lauderdale By The Sea, Florida 33308 under DR# B42575953XXX issued 08/18/2004 with an expiration date of 08/XX/2010.

(b) A business affiliation with Balsamo Aviation & Trial Law at 1040 Bayview Drive, 534E, Fort Lauderdale, Florida 33304.

(c) Under possible Broward County Felonies and Misdemeanors it notes that Richard William Balsamo was arrested for carrying a concealed weapon. The date of birth is 08/XX/1952. The Address listed is at 7492 Mandarin Drive, Boca Raton, Florida 33486.

(d) The Warranty Deed for the address 7492 Mandarin Drive, Boca Raton, Florida 33486 was then pulled up and it showed that on July 22, 2005 RICHARD BALSAMO , a married man, and ROSE MEIKLE, a single woman, as tenants in common, purchased the real property at that address.

(d) A driver's license (under that same date of birth and social security number) for Richard W. Balsamo at 2303 Tunlaw Road N.W., Washington, D.C. 20007.

(e) A business affiliation with Balsamo & Associates, Chartered in Washington D.C., which is "Inactive."

(f) No State of Wyoming driver's license for RICHARD W. BALSAMO was found.

(g) No ownership of any real property in the State of Wyoming for RICHARD W. BALSAMO was found.

The Defendant, on the other hand, merely has stated that he is a citizen of Wyoming. Even after the Plaintiff filed a Motion and Affidavit aimed at disproving the Defendant's asserted Wyoming citizenship, the Defendant has taken no counter steps—he has not even denied that he

is not a citizen of Wyoming. Defendant Balsamo's bare-bone assertion of his Wyoming citizenship, therefore, remains just that—bare—and thus, the Defendant has failed to satisfy his burden of proving proper federal jurisdiction.

Furthermore, S.D. Fla. L.R. 7.1(C) states, "Each party opposing a motion shall serve an opposing memorandum of law not later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure. Failure to do so may be deemed sufficient cause for granting the motion by default." Accordingly, the Defendant's lack of response to the Plaintiff's Motion provides additional, albeit secondary, justification for granting remand.

In light of the foregoing information proffered by the Plaintiff, the lack of even a modicum of counter-proof or response by the Defendant, the law that uncertainties are to be resolved in favor of remand, and S.D. Fla. L.R. 7.1(C) authorizing grant of a motion by default for lack of response, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The Plaintiff's Motion For Remand **[DE 2]** is **GRANTED**. This Cause is **REMANDED** back to the Circuit Court for the Seventeenth Judicial Circuit of Florida pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction, and by default under S.D. Fla. L.R. 7.1(C).

2. The Clerk of the Court is directed to **DENY ALL PENDING MOTIONS AS MOOT** and to take all necessary steps and procedures to effect the expeditious remand of the above-styled action and transfer this file back to the Seventeenth Judicial Circuit of Florida.

3. The Defendant, who is a practicing attorney, is advised to review Rule 11 of the Federal Rules of Civil Procedure, keeping a keen focus on subsections apropos representations to

the court and sanctions.

   **DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of November, 2006.

                */s/ Marcia G. Cooke*
                MARCIA G. COOKE
                United States District Judge

Copies furnished to:
*Magistrate Judge Stephen T. Brown*
*All Counsel of Record*
*Clerk of the Circuit Court for the Seventeenth Judicial Circuit of Florida*